UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIRIAM S. THIELE and DONALD J. THIELE,

    Plaintiffs,

v.                                      Case No:   2:15-cv-290-FtM-29CM

USAA CASUALTY INSURANCE COMPANY,

    Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiffs' and Defendant's Joint Motion to Extend the Deadline for Disclosure of Expert Reports (Doc. 23) filed on February 2, 2016.  For the reasons that follow, the motion is due to be granted in part and denied in part.

Pursuant to the Case Management and Scheduling Order, the Plaintiffs' deadline for disclosure of expert reports was November 30, 2015.  Doc. 19 at 1. Defendant's deadline for disclosure of expert reports was February 1, 2016.  *Id.*  The instant motion was field after the passage of both deadlines.  The standards for modification of deadlines are set forth in Rules 6 and 16, Fed. R. Civ. P.  Rule 6 requires a showing of excusable neglect when a party files a motion after the time for filing such motion has expired.  Fed. R. Civ. P. 6(b)(1)(B).  Rule 16 requires a showing of good cause for modification of a court's scheduling order.  Fed. R. Civ. P. 16(b)(4).  Thus, a party must demonstrate both good cause and excusable neglect for

filing an untimely motion. *Estate of Miller v. Thrifty Rent-A-Car Sys., Inc.*, 609 F. Supp. 2d 1235, 1252 (M.D. Fla. 2009). When evaluating whether a party has shown excusable neglect, the Court should consider "'the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Advanced Estimating System, Inc. v. Riney*, 130 F.3d. 996, 997-98 (11th Cir. 1997) (quoting *Pioneer Investment Services v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993)).

Here, Plaintiffs state that they timely complied with their Initial Mandatory Disclosures. Doc. 23 at 2. On September 10, 2015, however, they served a Supplemental Initial Disclosure Statement, listing Mark Herbst, an expert radiologist. *Id.* On November 30, 2015, Plaintiff served their Disclosure of Expert Opinion, disclosing Mark Herbst as their expert witness. *Id.* Defendant had intended to file a motion to exclude Plaintiffs' expert testimony; however, the parties were able to work out the issues and file the instant stipulated motion instead. *Id.* at n. 1. Though not stated in specific detail, Plaintiffs state that through discussions with Defendant's counsel it has come to their attention that Plaintiffs need to make additional disclosures pursuant to Fed. R. Civ. P. 26(a)(2) and 26(e) in order to be in full compliance with the rules and so as to not prejudice Defendant. *Id.* at 3.

Defendant states that it could not meet its February 1, 2015 expert disclosure deadline despite its due diligence until Plaintiffs comply with their obligations, pursuant to Fed. R. Civ. P. 26(a)(2) and 26(e). Defendant lists several other reasons

for its inability to comply, such as awaiting medical records from Plaintiff Miriam Thiele's more recent medical visits, awaiting a response to a subpoena directed to Neuroscience and Spine Associates so Defendant's expert radiologist can review Plaintiff Miriam Thiele's medical imaging x-rays and MRIs, and Plaintiff Miriam Thiele's forthcoming physical examination by Defendant's expert neurologist.  Doc. 23 at 5.

The parties were able to stipulate to specific deadlines for each expert report that they intend to produce.  Additionally, the deadlines fall within the discovery period, and the trial term is currently scheduled for May 2, 2016. Doc. 19 at 1-2.  Based on the foregoing and in light of the stipulated nature of this motion, the Court finds that there is excusable neglect and good cause to grant the parties' agreed-upon requested extensions.

In addition to requesting an extension of their deadlines for disclosure of expert reports, the parties also request the Court to

> requir[e] that Neuropsychological Associates of South Florida, PA and/or Dr. Schengber, Psy.D., deliver to Dr. Thomas Goldschmidt and/or to Defendant's counsel, by no later than Tuesday, February 16, 2016, the entire file containing all of the raw data and notes for the examination/evaluation of MIRIAM THIELE, including but not limited to: testing material, testing notes, score sheets, score notes, grading sheets, grading notes, battery testing, battery testing notes, medical records, corresponding reports, memorandums, and all materials used in consideration during the Neuropsychological Evaluation(s) of Miriam Thiele.

Doc. 23 at 6.  The parties state that Defendant's expert, Dr. Thomas Goldschmidt, who performed a neuropsychological exam on Plaintiff Miriam Thiele, needs these documents so that he can render his expert opinion on Defendant's behalf; however,

Dr. Schengber refuses to release these necessary records.  Doc. 23 at 3.  Local Rule 3.01(a) requires that "in a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request." M.D. Fla. R. 3.01(a).  While the parties explained why they need these documents, they have failed to include any legal authority in support of their request.  For instance, the Court is not even aware if a subpoena ever was issued to Dr. Schengber, or under what legal authority the parties seek to compel.  Moreover, the Middle District Local Rules provide specific procedures for filing a motion to compel.  *See* M.D. Fla. R. 3.04.  A motion to compel should not be buried in a motion for extension of deadlines, as the parties did here.  Accordingly, the parties' request is denied without prejudice.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiffs' and Defendant's Joint Motion to Extend the Deadline for Disclosure of Expert Reports (Doc. 23) is **GRANTED in part and DENIED in part**.

2. Plaintiffs shall have up to and including **February 23, 2016** to amend or supplement their Mandatory Initial Disclosures and to provide their expert reports.

3. Defendant shall have up to and including **February 23, 2016** to provide the expert reports of Dr. Thomas Goldschmidt and Dr. Robert Kagan.  Should Dr. Goldschmidt not be in possession of Dr. Stephen Schengber's records, which the

parties sought to compel through this motion, by February 16, 2016, Defendant's deadline to provide Dr. Goldschmidt's report shall be extended to **March 14, 2016**.

4. Defendant shall have up to and including **March 14, 2016** to provide the expert report of Dr. Brian Wolf.

5. If Plaintiffs disclose that they intend to call Dr. Harvey Satz as a witness to give medical opinion testimony as to an alleged TMJ injury, Plaintiffs must cooperate with Defendant to have a defense compulsory medical examination occur by **March 2, 2016**, and Defendant shall have up to and including **March 16, 2016** to provide its TMJ expert report.

6. Plaintiffs shall have up to and including **February 25, 2016** by which to provide Defendant with the following: (1) Plaintiff Miriam Thiele's medical reports from her visits with Joseph Kandel, M.D. on October 29, 2015 and December 29, 2015; (2) any additional medical records/reports not previously produced to Defendant; (3) a copy of all of Plaintiff Miriam Thiele's x-rays and films in their possession.

**DONE** and **ORDERED** in Fort Myers, Florida on this 4th day of February, 2016.

*[signature]*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record